## DOUGLASS *v.* BRANDON.

1. PAROL EVIDENCE. *Admissable to show that arbitrators appointed by court had been charged by consent, etc.* During the pendency of a cause it was, by consent, admitted to arbitrators, and an order of court made accordingly. Plaintiff moved the entry of the award as the decree of the court, which defendants resisted, because made by arbitrators substituted for those appointed by the court. Evidence offered by plaintiff, showing that the substitution was by agreement of the parties, was rejected, and the award was set aside: *Held,* error.

Case cited: Cooley *v.* Dill, 1 Swan, 313.

2. PRACTICE. *Special plea of non est factum. Burden of proof.* In a special plea of *non est factum,* alleging that the note in controversy was altered after its execution and delivery by increasing the amount for which it was given, the burden of proof is upon the defendant to establish the alteration.

Cases cited: Brown *v.* Phelon, 2 Swan, 629; Bumpass *v.* Timms, 3 Sneed, 459; Carter *v.* Turner, 5 Sneed, 178.

### FROM GREENE.

From the Circuit Court at Greeneville. E. E. GILLENWATERS, Judge.

MCKEE and R. M. BARTON for plaintiff in error.

No counsel marked for defendants in error.

Douglass *v.* Brandon.

NICHOLSON, C. J., delivered the opinion of the court.

During the pendency of this case in the Circuit Court of Greene county, the parties agreed to refer it to the arbitrament of two named persons, viz: A. H. Pierce and Julian Frazier, and that their award should be the judgment of the court. An order was accordingly made referring the cause to the arbitrators designated.

At a subsequent term of the court the following award was returned into court:

WM. H. DOUGLASS, for the use of G. W. Barhett,
               *vs.*
T. M. and J. H. BRANDON.
               In the Circuit Court pending.

Submitted to Samuel Lane and W. D. Culver for arbitration, and after a careful examination do find for the plaintiff $90.88.

                              W. D. CULVER, J. P.
Oct. 14, 1868.               SAMUEL LANE, J. P.

Defendants excepted to the award because it was not made by the arbitrators to whom the cause was referred by the agreement of the parties and the order of court.

The plaintiff moved the court that the award be entered as the judgment of the court, and offered to prove that before the award was made the parties agreed to substitute the two arbitrators who acted for those originally agreed on. The court rejected the evidence and set aside the award.

The case was afterwards tried upon a special plea of *non est factum* and proof, when a verdict was rendered for defendant. From the judgment plaintiff has appealed.

The first error assigned is that the Circuit Judge refused to permit plaintiff to prove that the two arbitrators who made the award acted in place of the two first agreed on, by the consent of the parties. This was error: *Cooley* v. *Dill,* 1 Swan, 313.

It is next assigned for error that the judge charged the jury that "the burden of proof is on plaintiff to show that the note is as originally executed, or that the note is good as now sued on."

The special plea was that the note had been altered after it was signed and delivered by increasing the amount for which it was drawn. In such a case the burden of proof is upon him who alleges the alteration: *Bumpass* v. *Timms,* 3 Sneed, 460; *Brown* v. *Phelon,* 2 Swan, 629; 5 Sneed, 178. The charge was therefore erroneous.

For the errors specified the judgment is reversed.